UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD CHESTER REECE | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 19-669-JWD-EWD |
| KIMBERLY HAMM, ET AL. | |

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss Plaintiff's First Supplemental and Amending Complaint and Petition for Damages, or for Partial Dismissal and More Definite Statement* (Doc. 34) filed by the United States of America ("United States") on behalf of the individually named Defendants, Kimberly Hamm ("Hamm"), Rebecca DeMarco ("DeMarco"), Carlen Bourgeois ("Bourgeois"), Norman Weiss ("Weiss"), Chad Wolf ("Wolf")[1] in his official capacity as Acting Secretary of the Department of Homeland Security, and David Pekoske ("Pekoske") in his official capacity as Administrator of the Transportation Security Administration (collectively, "Defendants"). Plaintiff Donald Chester Reece ("Plaintiff" or "Reece") opposes the motion. (Doc. 40.) Defendants filed a reply. (Doc. 41.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is granted in part. Specifically, the motion is granted in that all of Plaintiff's claims are dismissed for lack of subject matter jurisdiction.

---

[1] Plaintiff's original and amended complaints name as defendant Kevin K. McAleenan, who was Acting Secretary of the Department of Homeland Security at the time Plaintiff initiated this action. However, he has been replaced and pursuant to Fed. R. Civ. P. 25(d) Chad Wolf, Acting Secretary, is substituted for McAleenan.

I.      **Relevant Factual and Procedural Background**

   A.  **Factual Allegations**

A full recitation of the facts was provided in the Court's August 25, 2020 *Ruling and Order* (Doc. 25) on Defendants' *Motion to Dismiss* (Doc. 9). (Doc. 25 at 2-5; *see also* Magistrate Judge's Report and Recommendation, Doc. 20 at 2-5.) Plaintiff's amended complaint reasserts those same claims and factual allegations against the same Defendants and the United States. Thus, the Court will provide here only those facts relevant to the instant motion.

In his initial complaint, Plaintiff named Hamm, DeMarco, Bourgeois, and Weiss, federal employees with the Transportation Security Administration ("TSA") and his co-workers, as Defendants. (Doc. 1-2 at 5-8.) Plaintiff also named Pekoske, the Administrator of the TSA, and McAleenan, who was the acting Secretary of the Department of Homeland Security ("DHS"), in their official capacities because they were "charged with the workplace supervision and conduct of those [DHS and] TSA employees named [as] defendants and their damaging and tortuous [sic] conduct." (*Id*. at 7-8.)

In his amended complaint, Plaintiff adds the United States as a defendant "in the capacity as the proper party and juridical entity that has employed" McAleenan and Pekoske which makes them responsible for "losses suffered by [Plaintiff] for their failure to properly direct and monitor" the previously named defendants. (Doc. 31 at 8.)[2]

Plaintiff was employed by the TSA as a Transportation Security Officer at the Baton Rouge Metropolitan Airport until December 19, 2018, when his employment was terminated. (*Id*. at 2, 5.)

---

[2] Plaintiff filed Doc. 30 and Doc. 31 into the record. The filings are identical copies of his amended complaint originally attached to his Motion for Leave (Doc. 28-3). However, the docket entry at Doc. 30 purports to file a complaint against Plaintiff himself, while Doc. 31 is filed against Defendants. The Court presumes the entry at Doc. 30 to be in error and hereafter makes all citations to Doc. 31.

Plaintiff's claims arise from the same two incidents that occurred at the Baton Rouge Metropolitan Airport. First, Plaintiff states that on September 13, 2018, disciplinary action was taken against him due to an "alleged Unidentified Passenger" filing a workplace complaint against him. (*Id*. at 9.) The complaint originated from comments Plaintiff allegedly made to the passenger "in the course and scope of [Plaintiff's] work at his regular post [*i.e.*, the Airport]." (Doc. 1-2 at 8.) Plaintiff asserts the passenger's allegations were without merit, but the individual Defendants "honored and believed" them anyway. (*Id.*)

Second, Plaintiff states that on October 31, 2018, he was the subject of another complaint made by his co-worker Hamm where she "falsely claimed that [Plaintiff] inappropriately touched her and harassed her." (Doc. 31 at 5.) Plaintiff asserts this second workplace complaint caused him to be placed on administrative leave and led to his "permanent termination from employment with the TSA and DHS on December 18, 2018." (*Id.*) Plaintiff "unequivocally DENIES" these allegations, but again states that they were "honored and assumed believed" by DeMarco, Weiss, and Bourgeois. (*Id.*)

Plaintiff claims that these "wrongful accusations" caused him to suffer damages including loss of his "employment, his earnings, his expected future earnings, his earned seniority in his TSA/DHS position, [and] damage to his reputation and future employability[.]" (*Id.* at 5-6.)

Through his amended complaint, Plaintiff asserts he has complied with the administrative exhaustion requirements of the Federal Tort Claims Act ("FTCA"). (Doc. 31 at 13-15.) Specifically, he asserts he submitted an administrative claim to TSA on or about April 2, 2020. (*Id*. at 14, 15.) He alleges to have "supplemented" that claim on June 11, 2020. (*Id*. at 14.) Plaintiff

purports to attach certain e-mails supporting these allegations to his amended complaint, but he failed to do so.[3] (*See id*. at 14, 15.)

Plaintiff brings claims pursuant to the FTCA, and various ancillary Louisiana state law tort claims, including claims for: (1) defamation; (2) slander; (3) harassment, targeting, discrimination, and creating a hostile work environment; (4) infliction of emotional distress; and (5) "[a]ny and all other tortuous [sic] actions or claims…." (*Id.* at 2-3, 17-20.)

### B.  Procedural Background

On September 5, 2019, Plaintiff filed a Petition for Damages against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, asserting various Louisiana state law claims arising from his termination from the TSA. (Doc. 1-2 at 5-15.)

On October 2, 2019, the United States "on behalf of the individually named federal officers and employees" named as Defendants in the Petition removed this matter because "Plaintiff's allegations against the various Defendants are based on conduct that allegedly occurred within the federal workplace and are solely related to Plaintiff's service as a federal employee." (Doc. 1, ¶ 8.) The United States asserted that removal was proper on two separate grounds: federal officer removal, 28 U.S.C. § 1442(a)(1), and the Westfall Act, 28 U.S.C. § 2679(d)(2).

On October 23, 2019, Plaintiff filed a Motion to Remand, seeking to have this matter remanded to Louisiana state court. (Doc. 5.) Plaintiff argued that remand was appropriate because: (1) "this matter exclusively involves State Law Claims for defamation and injury," and (2) his claims against Defendants are "no[t] federal or state discrimination claims, but claims for defamation, injury and damages flowing from State Law violations and claims based solely upon those State Law violations." (Doc. 5-1 at 1-2.) Magistrate Judge Wilder-Doomes recommended

---

[3] The United States attached those emails to its motion.

4

that the Motion for Remand be denied on June 19, 2020 (Doc. 20), and this Court adopted that Report and Recommendation, denying the motion for remand, on July 7, 2020 (Doc. 21).

Subsequently, on August 25, 2020, this Court granted Defendants' *Motion to Dismiss* (Doc. 9) based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), *Reece v. Hamm,* No. 19-669, 2020 WL 5026862 (M.D. La. Aug. 25, 2020), Doc. 25.

The Court found that the FTCA applied because Defendant employees were acting within the course and scope of their employment with the United States when the alleged torts occurred. (Doc. 25 at 13-16.) The Court based this on the United States Attorney's Westfall Certification. (*Id*. at 14.) Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), the United States Attorney certified that Defendants were acting within the course and scope of their federal employment at the time of the incidents alleged by Plaintiff. (*Id*. (citing Doc. 1-4 at 1).) Plaintiff did not offer any evidence, other than an affidavit, to counter the certification. (*Id*. (citing Doc. 12-1).)

The Court explained:

> Plaintiff has failed to present evidence showing it is more likely than not that Defendants were not acting in the scope of their employment during the events forming the basis of this action. Both the Petition and Plaintiff's affidavit allege actions by the Defendants "in the workplace". Neither the Petition, nor the affidavit contain detailed factual allegations which unambiguously show that Defendants were acting outside the scope of their employment. Such bare assertions are insufficient to disprove the United States' decision to grant the scope of certification by a preponderance of the evidence.

(*Id*. at 15.) Additionally, the Court denied Plaintiff's request for remand, which was "no longer an option because it had already been denied." (*Id*. at 13.) Plaintiff's request for jurisdictional discovery was also denied as "not appropriate" since Plaintiff failed to show "what discovery is warranted and how that discovery would not be futile." (*Id*. at 13, 15.)

The Court then analyzed Plaintiff's claims under the FTCA and found that it lacked subject matter jurisdiction for two reasons. (*Id*. at 16-18.) First, the Court found that the derivative

5

jurisdiction doctrine deprived it of subject matter jurisdiction. (*Id*. at 17.) The derivative jurisdiction doctrine "recognizes that a court lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction." (*Id*. at 16 (citing *In re Katrina Canal Breaches Consol. Litig.,* 2007 WL 1461036, at *2 (E.D. La. May 16, 2007) (citing *Barnaby v. Quintos,* 410 F. Supp. 2d 142, 143 (S.D.N.Y. 2005))).) This doctrine applies when a case is removed pursuant to 28 U.S.C. § 1442.[4] (*Id*.) And in this case:

> the state court lacked jurisdiction over the present matter because the claims were against the United States, as confirmed above regarding the certification of scope of employment. As the FTCA explicitly states that federal district courts have exclusive jurisdiction over tort claims against the federal government, 28 U.S.C. 1346(b)(1), the Louisiana state court never had jurisdiction over the claims against the individually named federal employees. Accordingly, following the great weight of jurisprudence, the Court applies the derivative jurisdiction doctrine and finds that it lacks subject matter jurisdiction over Plaintiff's claims against the individually named Defendants.

(*Id*. at 17.)

Second, the Court found that Plaintiff's failure to present his claims to the TSA prior to filing suit served as "an additional jurisdictional bar." (*Id*. at 18 (citing *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992)).)

Despite the above detailed deficiencies, the Court granted Plaintiff twenty-eight days within which to amend his complaint in order "to allege or show that Defendants were not acting within the course and scope of their employment before their complaint is dismissed on these grounds." (*Id*. at 19-20.)

Subsequently, on October 26, 2020, Plaintiff filed an amended complaint. (*See* Doc. 31.) On November 23, 2020, Defendants filed the instant *Motion to Dismiss Plaintiff's First*

---

[4] This case was removed by Defendants "on the basis of the federal officer or agency removal statute, 28 U.S.C. § 1442(a), which permits removal when a civil action is filed in state court against the United States or an agency or officer thereof." (Doc. 25 at 16 (citing Doc. 1).)

6

*Supplemental and Amending Complaint and Petition for Damages, or for Partial Dismissal and More Definite Statement* (Doc. 34).

### II.   Rule 12(b)(1) Standard

Concerning the standard for Rule 12(b)(1) motions, the Fifth Circuit has explained:

Motions filed under Rule 12(b)(1) . . . allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### III.   Parties' Arguments

#### A.  Defendants' Original Memorandum (Doc. 34-1)

Defendants first emphasize that this Court's prior ruling on their first Motion to Dismiss remains dispositive. Because Plaintiff's amended complaint includes no new facts and adopts all allegations from the original complaint, the same outcome should follow here. (Doc. 34-1 at 10.)

Specifically, Defendants argue that Plaintiff's amended complaint should be dismissed for lack of subject matter jurisdiction because: (1) the derivative jurisdiction doctrine applies, and (2) Plaintiff failed to exhaust his administrative remedies. Alternatively, the United States requests partial dismissal of Plaintiff's FTCA claims, and a more definite statement pursuant to Rule 12(e). (*Id.* at 13.)

7

As to the first point, Defendants assert the derivative jurisdiction doctrine "continues to present a jurisdictional defect to Plaintiff's amended complaint." (*Id*. at 12.) The derivative jurisdiction doctrine deprives this Court of subject matter jurisdiction because the United States removed this FTCA matter from state court under 28 U.S.C. § 1442(a) rather than § 1441. (*Id.* at 10.) According to Defendants, since the FTCA gives federal courts exclusive jurisdiction over claims for money damages for injuries arising from acts or omissions of federal employees acting within the scope of their employment, such as this one, the Louisiana state court lacked jurisdiction. (*Id*. at 10-11 (citing 28 U.S.C. § 1346(b)(1), § 2679(b)(1)).) Likewise, this Court also lacks jurisdiction. (*Id.* at 11.)

Additionally, Plaintiff's post-removal amendment to his complaint did not "cure his jurisdictional defect under the derivative jurisdiction doctrine." (*Id.* (citing *Guevara v. United States*, 2020 WL 1529005, at *4 (N.D. Tex. Mar. 31, 2020); *Ricci v. Salzman,* 2020 WL 5834747, at *4 (7th Cir. 2020)).)

As to the second point, Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing this suit. (*Id.* at 12.) "As … Plaintiff did not exhaust, or even initiate, his administrative proceedings prior to filing suit, this Court continues to lack subject matter jurisdiction to consider the merits of his FTCA claims." (*Id.* at 13.) Plaintiff cannot cure this defect through amendment; rather, "[h]e must refile." (*Id.*)

### B.  Plaintiff's Opposition (Doc. 40)

In opposition, Plaintiff first asserts that the United States is "seeking to wrongfully apply a doctrine of Derivative Jurisdiction here." (Doc. 40 at 9.) Plaintiff asserts that his FTCA claims are timely as he filed an administrative claim with the proper agency on April 2, 2020. Plaintiff details:

8

> Plaintiff waited the requisite six months - during which the TCA and UNITED STATES took no action other than to acknowledge receipt of his FTCA Claim – before amending his Complaint/Petition for Damages to bring his properly [sic] FTCA claims in this Court of proper jurisdiction. That he had an existing set of claims… is of no moment – Petitioner in fact timely filed his FTCA Claim on April 2, 2020; he waited the required six months with no action or decision taken by the UNITED STATES or TSA; and them [sic] amended his USDC Complaint to include his FTCA Claims after the requisite delays involved. Therefore, his FTCA Claims should properly be maintained, not dismissed, and adjudicated here.

(*Id*. at 16, *see also* 9-10.) Plaintiff continues:

> These facts and circumstances alone should properly allow the Plaintiff to survive and beat back the defendants [sic] attempts to use the Derivative Jurisdiction Doctrine shell game desperately raised to avoid justice, accountability and redress for the devastation caused by the federal paycheck employee defendants' actions and losses caused to the Petitioner here.

(*Id.* at 10.)

Plaintiff asserts that his defamation, slander, and intentional infliction of emotional distress claims are not barred by the FTCA since they are alleged to have occurred outside of the course and scope of Defendants' employment. (*Id.* at 12.) Additionally, the "law enforcement officer" exception applies to Plaintiff's emotional assault, intentional infliction of emotional distress, and abuse of process claims. Thus, they "can be considered and redressed under the FTCA…." (*Id.* at 15-16 (citing 28 U.S.C. § 2680(h)).)

Further, dismissal is not warranted since "Plaintiff intends to … specifically present proof and evidence obtained via discovery" to support these allegations. (*Id*. at 13.)

Plaintiff argues that his state law claims were "properly brought against the individual, original co-worker defendants and are indeed Actionable Under Louisiana Law" via pendant and ancillary federal jurisdiction. (*Id.* at 14.) Alternatively, Plaintiff urges this Court to remand his state law tort claims: "[D]efendants self-serving 'certification' of claiming their torts were

9

committed in [the] course and scope of [their] employment should rightly be rejected by this Court, and the matter must be remanded to State District Court for adjudication." (*Id*. at 18.)

### C. Defendants' Reply (Doc. 41)

In reply, Defendants make four points. First, Defendants maintain that Plaintiff failed to exhaust his administrative remedies before "invocation of the judicial process." (Doc. 41 at 3 (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)).) Consequently, Plaintiff must refile to cure this jurisdictional defect. (*Id*. at 3 (citing *Janise v. United States*, 2019 WL 4452832, at *3 (M.D. La. Sept. 17, 2019)).)

Second, as to the derivative jurisdiction doctrine, Defendants dismiss Plaintiff's "shell game" comment and contend that "[b]ecause Plaintiff initiated this action in state court, which is not vested with jurisdiction to hear FTCA claims, this Court cannot derive jurisdiction[.]" (*Id.* at 3-4.) The fact that Plaintiff amended his complaint does not change this conclusion. (*Id*. at 4.) Further, Plaintiff fails to cite any authority to support his argument that the derivative jurisdiction doctrine should not apply here. (*Id*.)

Third, Defendants argue that Plaintiff has (again) failed to overcome the United States Attorney's Westfall Certification. (*Id*.) Plaintiff's amended complaint provides no new facts on this issue, only "bare assertions," which fail to overcome the certification of course and scope. (*Id.* at 5.) Thus, Defendants' Motion to Dismiss should be granted for the same reasons as their first. (*Id.* (citing Doc. 25 at 15).)

Finally, Plaintiff's other arguments "were already raised (and rejected) in his first opposition to dismissal, Doc. 12." (*Id*. at 8.) For example, Plaintiff's request for remand was previously denied and Plaintiff "raises nothing new to disturb the Court's prior resolution of the issue." (*Id*. at 10.)

10

## IV.     Discussion

The Court finds that Defendants prevail in the instant motion for the same reasons stated in this Court's August 25, 2020 *Ruling and Order* (Doc. 25) on Defendants' First Motion to Dismiss: (1) Plaintiff fails to allege sufficient facts to overcome the United States Attorney's Westfall Certification; (2) the derivative jurisdiction doctrine deprives this Court of subject matter jurisdiction; and (3) Plaintiff failed to exhaust his administrative remedies prior to filing suit.

### A.     Westfall Certification

The first issue that must be determined is whether Defendants were acting within the scope of their employment at the time of the allegations made in Plaintiff's amended complaint. Defendants contend that they were acting within the course and scope of their employment; therefore, jurisdiction does not exist. Plaintiff disputes that Defendants were acting within the course and scope of their employment and seeks remand to state court, or alternatively, discovery to further explore the "course and scope" inquiry before determining jurisdiction. (Doc. 40 at 13-14.)

Preliminarily, this Court has previously denied Plaintiff's motion to remand, and thus remand is no longer an option. (Docs. 20, 25.) In addition, Plaintiff's request for discovery is again denied for the same reasons given in this Court's prior ruling: Plaintiff failed to show "what discovery is warranted and how that discovery would not be futile." (Doc. 25 at 15.)

Turning to the Westfall Certification, "the party seeking review of the [United States Attorney's] decision to grant scope-of-employment certification, bears the burden of presenting evidence and disproving [that] decision by a preponderance of the evidence." *West v. Rieth*, 705 F. App'x 211, 213 (5th Cir. 2017). This Court has already held that Plaintiff failed to meet that burden. (Doc. 25 at 15 ("Plaintiff has failed to present evidence showing it is more likely than not

11

that Defendants were not acting in the scope of their employment during the events forming the basis of this action. Both the Petition and Plaintiff's affidavit allege actions by Defendants 'in the workplace.' Neither the Petition, nor the affidavit contain detailed factual allegations which unambiguously show that Defendants were acting outside the scope of their employment. Such bare assertions are insufficient to disprove the United States' decision to grant the scope of certification by a preponderance of the evidence."); *see also* Magistrate Judge's Report and Recommendation, Doc. 20 at 12 ("Plaintiff expressly acknowledges that his claims are based on the alleged tortious and negligence actions or omissions of Defendants in their employment and supervision of him.").)

Here, Plaintiff's amended complaint sets forth no additional facts. Instead, Plaintiff alleges in a conclusory manner that the conduct at issue occurred outside the course and scope of Defendant employees' employment. Consequently, Plaintiff, for a second time, fails to overcome the United States Attorney's Westfall Certification and thus the FTCA applies.

### B.  Derivative Jurisdiction Doctrine

The Court previously held that it lacked jurisdiction to hear Plaintiff's FTCA claims under the derivative jurisdiction doctrine. (Doc. 25 at 16-18.)  In its prior ruling, the Court set out the applicable law as follows:

> The derivative jurisdiction doctrine "recognizes that a court lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction." *In re Katrina Canal Breaches Consol. Litig.,* 2007 WL 1461036, at *2 (E.D. La. May 16, 2007) (citing *Barnaby v. Quintos,* 410 F. Supp. 2d 142, 143 (S.D.N.Y. 2005)). Although Congress has eliminated this doctrine from removals pursuant to 28 U.S.C. § 1441, *see id.*; 28 U.S.C. § 1441(f), "courts have consistently held that the doctrine still applies to removals pursuant to § 1442." *In re Katrina Canal Breaches Consol. Litig.,* 2007 WL 1461036, at *2. Courts recognize that the doctrine is "arguably outdated and illogical in nature," yet "courts from other circuits continue to apply the doctrine [ ] to matters properly removed pursuant to § 1442." *JAJ Ventures,* 2009 WL 911020, at *3. Furthermore, "in the absence of definitive guidance from the Supreme Court

> or the Fifth Circuit, this Court finds no reason to disagree with the rationale of these courts' decisions." *Id.*

(*Id*. at 16-17.) Applying that law, the Court found:

> In the present matter, the state court lacked jurisdiction over the present matter because the claims were against the United States, as confirmed above regarding the certification of scope of employment. As the FTCA explicitly states that federal district courts have exclusive jurisdiction over tort claims against the federal government, 28 U.S.C. 1346(b)(1), the Louisiana state court never had jurisdiction over the claims against the individually named federal employees. Accordingly, following the great weight of jurisprudence, the Court applies the derivative jurisdiction doctrine and finds that it lacks subject matter jurisdiction over Plaintiff's claims against the individually named Defendants. *See generally Foval v. First Nat. Bank of Commerce,* 841 F.2d 126, 128 (E.D. La. 1988).

(*Id*. at 17.) The same remains true here.

Additionally, Plaintiff's "post-removal amendment [to his complaint] does not cure the jurisdictional defect" under the derivative jurisdiction doctrine. *Guevara v. United States*, No. 20-0022, 2020 WL 1529005, at *4 (N.D. Tex. Mar. 31, 2020). This is because "[t]he jurisdictional facts that support removal must be judged at the time of removal," *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), and "amendment may not create subject matter jurisdiction when none exists." *In re Katrina Canal Breaches Litig.*, 342 F. App'x 928, 931 (5th Cir. 2009) (per curiam); *see also Piacun v. Swift Energy Operating, LLC*, No. 09-7233, 2010 WL 989183, at *3 (E.D. La. Mar. 15, 2010) (citing *M Tee Enters., Inc. v. Stock Loans Servs., LLC*, No. 09-2044, 2009 WL 3849437, at *3 (N.D. Tex. Nov. 16, 2009) ("[T]he law is clear that post-removal amendments, counterclaims, etc. cannot create jurisdiction where none exists.")). Because the state court did not have jurisdiction to hear such claims at the time of removal, this Court cannot now acquire jurisdiction by post-removal amendment. Accordingly, dismissal is warranted for this reason.

13

## C.     Failure to Exhaust

The FTCA is a limited waiver of sovereign immunity, making the United States liable for certain torts committed by federal employees acting within the scope of their employment. *See* 28 U.S.C. § 2679 (exclusiveness of remedy); s*ee also United States v. Orleans*, 425 U.S. 807, 813 (1976). To obtain relief for tortious conduct by the United States, a plaintiff must comply with certain procedural requirements. *See Janise v. United States*, No. 18-725, 2019 WL 4452832, at *2 (M.D. La. Sept. 17, 2019) (deGravelles, J.). The FTCA requires each individual seeking damages to present his or her claim to the appropriate administrative agency before a suit in tort can be initiated against the United States. *Frantz v. United States,* 29 F.3d 222, 224 (5th Cir. 1994). More specifically, 28 U.S.C. § 2675(a) provides in pertinent part that an FTCA action "shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." A claim is properly presented to an administrative agency when the claimant gives the agency written notice of the claim sufficient to enable the agency to investigate and place a value on his claim. *Adams v. United States*, 615 F.2d 284, 288–89 (5th Cir.), *decision clarified on denial of reh'g by* 622 F.2d 197 (5th Cir. 1980) (per curiam); *Rivera v. United States Army Corps of Eng'rs,* No. 88-4149, 1989 WL 38720, at *1–2 (E.D. La. Apr. 14, 1989).

Failure to exhaust the FTCA administrative remedy prior to filing suit deprives the Court of subject matter jurisdiction. *McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (per curiam). In addition, "jurisdiction must exist at the time the complaint is filed." *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). As such, filing an administrative claim while suit is pending does not cure the jurisdictional

defect regarding a plaintiff's failure to exhaust his administrative remedies. *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 283 (5th Cir. 2013) (per curiam) ("Hinojosa filed his complaint just one week after filing his administrative claim, before his administrative claim was denied, or six months had passed. Though his administrative claim has since been denied, that has no bearing on the jurisdictional issue."); *Janise*, 2019 WL 4452832, at *2. Instead, this defect deprives the Court of subject matter jurisdiction, and the only way to cure it is to refile. *Janise*, 2019 WL 4452832, at *3.

Here, Plaintiff failed to file an administrative claim with the TSA before bringing this suit. (Doc. 25 at 18.) Plaintiff commenced this action on September 5, 2019. Then, while this suit was pending, Plaintiff filed a claim with the TSA on April 24, 2020 and June 11, 2020.[5] Plaintiff amended his complaint on October 26, 2020. (Doc. 31.) Plaintiff urges that submitting his administrative claim six months prior to amending his complaint cures the fatal defect, but cites no supporting authority or caselaw. (Doc. 31 at 15.)

Nevertheless, "failure to completely exhaust administrative remedies prior to commencing a civil action under the FTCA is a jurisdictional defect that cannot be cured through exhaustion after suit is filed." *Hinojosa*, 506 F. App'x at 283; *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed."); *Janise*, 2019 WL 4452832, at *3 (concluding that plaintiffs failed to exhaust "administrative remedies because

---

[5] As explained in TSA Assistant Chief Counsel Donna Bivona's Declaration, Plaintiff's April submission was defective and incomplete. (Doc. 34-2 at ¶¶ 7-8.) Plaintiff corrected these deficiencies through his June submission, and Defendants urge that "the relevant date on which Plaintiff's administrative claim was presented to TSA, within meaning of the FTCA, was in fact June 11, 2020." (Doc. 34-1 at 7 (citing Bivona Decl., Doc. 34-2).) However, the difference is immaterial for purposes of this ruling. Whether Plaintiff properly presented his claim in April or June of 2020, the claim was not submitted until after he filed suit on September 5, 2019.

they brought this action before filing an administrative claim and without allowing time for a written denial or six months to pass").

Simply put, Plaintiff's failure to meet his burden of demonstrating that he exhausted the administrative remedies of his FTCA claim prior to filing suit on September 5, 2019, renders the Court without jurisdiction. Accordingly, dismissal is warranted on this additional ground.

Having found that this Court does not have subject matter jurisdiction over Plaintiff's claims, it is not necessary for the Court to address Defendants' additional arguments for dismissal pursuant to Rule 12(e).

### D.    Leave to Amend

When faced with defective allegations, the Court "should freely give a complainant . . . leave to amend[.]" *McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 103 (5th Cir. 1995). The Fifth Circuit has stated:

> It is provided . . . by 28 U.S.C.A. § 1653 that: 'Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.' The theory seems to be that 'if jurisdiction actually existed from the facts at the time when the complaint was filed, even though not properly pleaded, * * * the formal defect in the pleadings did not deprive the Court of jurisdiction at the time when the action was filed, if such defect was later corrected.' *Stern v. Beer*, 6 Cir., 200 F.2d 794, 795. Cf. *Finn v. American Fire & Causalty Co.,* 5 Cir., 207 F.2d 113, 115.

*Kaufman v. W.U. Tel. Co.*, 224 F.2d 723, 725 (5th Cir. 1955). Section 1653 "like rule 15(a) should be liberally construed." *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981).

Nevertheless, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). In addition, the Fifth Circuit has articulated that "denying

a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

Applying this standard, no leave to amend will be given as allowing such an amendment would be futile. The Court has already allowed Plaintiff to amend his complaint once to cure the above detailed deficiencies. (Doc. 25 at 18-19.) In its prior ruling, the Court specifically instructed Plaintiff to amend his complaint "to allege or show that Defendants were not acting within the course and scope of their employment before [his] complaint is dismissed on these grounds." (*Id*. at 19.)

However, Plaintiff again failed to show that Defendants were not acting within the course and scope of their employment. As such, he failed to overcome the United States Attorney's Westfall Certification. And again, this Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine. Permitting a second amendment would also be futile because the Court lacks subject matter jurisdiction absent exhaustion of administrative remedies. *See Bustos v. United Parcel Serv., Inc.*, No. 19-2979, 2020 WL 3965991, at *2 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 3963761 (S.D. Tex. July 13, 2020) (denying leave to amend the complaint as futile because the plaintiff did not exhaust administrative remedies). Plaintiff must instead exhaust his administrative remedies and refile, if he can, "to cure the subject matter jurisdiction problem." *Janise*, 2019 WL 4452832, at *3 (citing *McNeil*, 964 F.2d at 648). As a result, affording Plaintiff a second chance to amend his complaint would be futile.

### V. Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Plaintiff's First Supplemental and Amending Complaint and Petition for Damages, or for Partial Dismissal and More Definite Statement* (Doc.

34) filed by the United States of America on behalf of the individually named Defendants, Kimberly Hamm, Rebecca DeMarco, Carlen Bourgeois, Norman Weiss, Chad Wolf in his official capacity as Acting Secretary of the Department of Homeland Security, and David Pekoske in his official capacity as Administrator of the Transportation Security Administration is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** in that Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

In all other respects, the motion is **DENIED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on September 29, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**